VÁZQUEZ, PLAINTIFF AND APPELLEE, *v.* MAYMÍ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in Injunction Proceedings.—Memorandum of Costs.

No. 3086.—Decided January 28, 1924.

COSTS—INJUNCTION—POSSESSION—ATTORNEY'S FEES.—A judgment allowing costs to the defendant in an injunction proceeding to recover possession includes the allowance of attorney's fees.

The facts are stated in the opinion.

*Messrs. González Fagundo & González, Jr.,* for the appellant.

*Mr. F. Gallardo* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The fundamental question involved in this appeal is the scope of an award of "costs" in an injunction proceeding to recover possession.

The defendant was adjudged to pay the "costs" and

the plaintiff included attorney's fees in his memorandum. The defendant contended that because of the special nature of the proceeding the costs could not be understood to include attorney's fees. The court decided the fundamental question so raised against the defendant and merely reduced the amount claimed as attorney's fees.

The defendant appealed and alleges that when the Legislature enacted the statutes governing the injunction proceeding followed in this case (Act No. 43 of March 13, 1913, amended November 14, 1917), which provides that "the costs" shall be imposed upon the party against whom the judgment may be entered, it was the intention of the Legislature that attorney's fees should not be included in the costs, for, knowing as it did the jurisprudence established by the Supreme Court in the case of *Veve* v. *Municipality of Fajardo*, 18 P. R. R. 738, if its intention had been otherwise, it would have included expressly in the statute the words "attorney's fees."

It must be admitted that the appellant's argument is not without merit. We have considered it carefully; but, weighing all of the facts in the light of the language of the statute and the jurisprudence, it can not be held that the position taken by the district court is erroneous.

In addition to the general cases reviewed in the case of *Fragoso* v. *Marxuach, ante,* page 634, it is pertinent to cite the case of *Candal et al.* v. *Vargas et al.,* 29 P. R. R. 603, wherein it was held that "the allowing of costs and attorney fees is a matter exclusively within the discretion of the court, even in special proceeding like an election contest," and also *People ex rel. Salgado* v. *López,* 30 P. R. R. 241, in which it was said in the course of the opinion that "We feel bound to hold that this (section 327 amended in 1917) was a law of general application and that the intention of the Legislature was to include all cases where a different intent was not clearly shown."

As regards the Legislature's knowledge of the jurisprudence of this court, it should be taken into account that while it knew of the cases of *Veve* v. *Municipality of Fajardo,* 18 P. R. R. 738, it also knew of the case of *Brac* v. *Ojeda,* 27 P. R. R. 605, which was contrary to the *Veve Case,* but did not change the wording of the statute.

The only question involved being disposed of and the amount finally allowed by the court as attorney's fees not having been objected to, the order appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.